IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY LEON JONES, <br> TDCJ #621318, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS BOARD OF PARDONS <br> AND PAROLES, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-10-2825 |

## **MEMORANDUM AND ORDER**

The plaintiff, Tommy Leon Jones (TDCJ #621318, former TDCJ #539722), also known as Tommie Leon Jones, is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Jones has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.     BACKGROUND**

Jones is currently incarcerated at TDCJ's Holliday Unit in Huntsville, Texas, as the result of a felony conviction for burglary of a building with intent to commit theft. *See Jones v. State*, No. 14-92-00849-CR, 1993 WL 55888 (Tex. App. — Houston [14th Dist.] March 4, 1993, no pet.). Jones, who has at least one other prior felony conviction, received a 25-year prison sentence in that case. Jones does not challenge any of his underlying convictions

here.[1]  Instead, Jones takes issue with the recent revocation of his supervised release by the Texas Board of Pardons and Paroles.[2]

Jones explains that, in May of 2007, he was convicted of making a "terroristic threat" against Maxine Vaughn, who was formerly on the City Council for the municipality of Hearne, Texas.  Jones reports that, although the conviction was reversed on appeal in 2008, the offense was used to revoke his parole.  Jones complains that he did not receive adequate notice of his parole revocation hearing and that "false statements" were used against him during this proceeding.  Jones maintains, therefore, that his parole revocation proceeding violated his right to due process, among other things.

Jones sues his parole officer (Emily Ball), her supervisor (Kevin Foltz), and Vaughn for the wrongful revocation of his parole.  Jones complains that these defendants engaged in obstruction of justice, conspiracy, altering of government documents, and that their actions in connection with his parole revocation proceeding have resulted in his false imprisonment.  Jones also sues the Texas Board of Pardons and Paroles and Administrator Troy Fox,

---

[1]   Jones provides some details about the length of his sentence, but no facts about his underlying convictions.  Jones's holding convictions are a matter of public record. *See* Texas Department of Criminal Justice, Offender Information, at www.tdcj.state.tx.us (last visited August 10, 2010). Those records show that Jones is currently serving a 25-year sentence as the result of a conviction entered on April 27, 1992, for burglary of a building with intent to commit theft in Brazos County cause number 20,852-85.  Jones is also serving a 9-year sentence that he received on July 20, 1992, for tampering with a government record in Brazos County cause number 20,142-85.

[2]   Jones does not indicate when he entered TDCJ or when he was released on parole.  Although Jones indicates that a parole revocation hearing occurred on or about December 22, 2009, he does not specify when his parole was revoked or when he returned to state custody.

alleging that the parole revocation has wrongfully extended the 25-year prison sentence that he received previously for burglary of a building.

Jones seeks declaratory and injunctive relief regarding the revocation of his parole. He also seeks compensatory and punitive damages for his wrongful incarceration. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

A review for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Of course, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals

4

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

### III.   **DISCUSSION**

Jones plainly seeks monetary damages for alleged violations of his civil rights in connection with his parole revocation and continued confinement, which he claims is unconstitutional. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Jones maintains that he has been wrongfully imprisoned as the result of his parole revocation. Jones does not allege or show his parole revocation has been invalidated or otherwise set aside by an authorized state tribunal or by a federal habeas corpus proceeding

under 28 U.S.C. § 2254. Absent a showing that the disputed parole revocation has been invalidated or set aside, the rule in *Heck* precludes any claim for damages. *See Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995) (holding that the rule in *Heck* applies to complaints about the fact or duration of parole); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995). Any claim for declaratory or injunctive relief is likewise barred by the rule in *Heck*. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998). It follows that Jones's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and that his complaint must be dismissed with prejudice.[3] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Tommy L. Jones (TDCJ #621318) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

---

[3] The Court declines to recharacterize the case as a habeas corpus proceeding because Jones does not allege or show that he has exhausted available state court remedies as required by 28 U.S.C. § 2254(b).

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>August 12</u>, 2010.

_____
Nancy F. Atlas
United States District Judge